# FEBRUARY, 1923.

### J. D. WADE v. THE STATE.

No. 7405. Decided February 7, 1923.

1.—Intoxicating Liquor—Manufacture—Bill of Exceptions—Question and Answer Form—Remarks by Judge.
  Where the bills of exception were in question and answer form, they could not be considered on appeal, besides the forbearance of the court towards counsel was remarkable, and showed no improper conduct toward him, and whatever the trial judge said relative to the matter, was brought about by counsel's conduct, and there was no reversible error.

2.—Evidence—Declarations of Defendant—Sufficiency of the Evidence.
  Even though defendant may have been under arrest at the time he made the statement to the officers, yet as it led to the finding of the equipment used by the defendant, in the manufacture of whisky, the same was admissible in evidence, and the evidence being sufficient to sustain the conviction, there is no reversible error.

Appeal from the District Court of Wise. Tried below before the Honorable F. O. McKinsey.

Appeal from a conviction of the unlawful manufacture of intoxicating liquor; penalty, one year imprisonment in the penitentiary.
The opinion states the case.

*Oscar H. Calvert,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for the unlawful manufacture of intoxicating liquor, with punishment of one year confinement in the penitentiary.

The officers procured a search warrant and found in a barn on appellant's premises a complete still, thirteen barrels of mash and some whisky. The equipment is described in detail in the evidence. The proof shows it was not only sufficient for the manufacture of whisky, but that whisky had in fact been made therewith. One of the witnesses testified that he started to taste some of the whisky when appellant told him not to do so as it was the "first run," and said that he (appellant) had made it. It is not necessary further to state the evidence.

Only two bills of exception appear in the record. Our Assistant Attorney General calls attention to the fact that one of the bills is in question and answer form and should therefore not be considered. The bill is directed at a remark made by the trial court, and what appears to be a question and answer statement is more in the nature of an exchange of remarks between counsel and the court. The bill discloses that while the State was examining a witness appellant's counsel interrupted the examination and asked some question and made some comment relative to the answer, whereupon the trial court admonished counsel to let the witness go on with his testimony, to which counsel replied that he desired "to try the case in his own way; if the State wanted to interpose an objection it was all right, but he did not think the court ought to object," whereupon the court told counsel that he had no right to interrupt the witness unless there was something making it necessary to do so. Counsel for appellant replied to the court, "You can't run it to suit yourself," and the court replied, "Yes, I will," to which counsel answered, "The Court of Criminal Appeals won't let you." Counsel then stated that he desired to take a bill of exception to the remark of the court that he would run the case to suit himself, whereupon the court remarked, "Yes, I said that, and I am going to do it; I am going to run it according to law." We fail to observe any conduct on the part of the court that is the subject of criticism. In fact, the forbearance of the court towards counsel was remarkable. If, in the opinion of the court he was improperly interrupting the examination of the witness and interfering with the orderly trial of the case, the court had a right to call his attention to

it, and whatever the trial judge said relative to the matter was brought about by counsel's conduct.

One officer testified that they went to appellant's house between daylight and sunup and in response to a knock on the door appellant opened it. The officers told him they had come to search his place for a still, and that in order to save them time and trouble asked appellant to go and show them where it was, to which appellant replied, "It is down there in that barn," pointing toward it. Appellant went with the officers and unlocked the barn where they found the equipment heretofore adverted to in the statement of the facts. Appellant interposed objection to the officer stating that appellant had told them the still was in the barn, on the ground that he was under arrest at the time. We do not regard it as necessary to discuss the question from that standpoint. Even though appellant may have been under arrest, he made the statement which led to finding the equipment used by him in the manufacture of whisky. It was clearly admissible under the provisions of Article 810, C. C. P. For authorities collated, see Branch's Ann. P. C., Section 63, page 36, and, also, note 12, under Article 810, Vol. 2, Vernon's Crim. Statutes.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*